UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMARA JEAN SCOTT (SCHUMAKER)
and DOUGLAS DWIGHT BENNETT,

                Plaintiffs,                    CIVIL ACTION NO. 12-14779

                                            DISTRICT JUDGE NANCY G. EDMUNDS

                                            MAGISTRATE JUDGE MARK A. RANDON

      v.

BANK OF AMERICA, N.A., BANK OF
AMERICA HOME LOANS, INC., FKA
COUNTRYWIDE HOME LOANS, and FANNIE
MAE,
                Defendants.

_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO DISMISS

**I.**    **INTRODUCTION**

      This is a mortgage foreclosure case.  On October 29, 2012, Plaintiffs Tamara Scott (f/k/a Schumaker) and Douglas Bennett filed a Complaint challenging a judgment of possession entered in the 40th Judicial Circuit Court for Lapeer County.[1]  Plaintiffs seek monetary damages and to set aside the eviction.  This matter is before the Court on Defendants' Motion to Dismiss (Dkt. No. 10).  Bennett responded (Dkt. No. 14), and Defendants replied (Dkt. No. 18).  The Court heard oral argument on March 26, 2013.

      Because the Court lacks subject-matter jurisdiction based on the *Rooker-Feldman*

---

[1]Plaintiff Douglas Bennett claims to have "50% assignment of claim to the property" (Dkt. No. 1 at ¶15).

1

doctrine and Plaintiffs' independent federal claims fail, this Magistrate Judge **RECOMMENDS** that Defendants' motion be **GRANTED** and Plaintiffs' Complaint be **DISMISSED WITH PREJUDICE**.

## II.    BACKGROUND

On April 17, 2003, Schumaker obtained a $180,000.00 loan from Paramount Home Lending, Inc. ("Paramount") to purchase property at 4455 Vista Lane, Attica, Michigan ("the Property") (Dkt. No. 10; Ex. 4, Promissory Note).  As security, Schumaker granted a mortgage interest on the Property (Dkt. No. 10; Ex. 5, Mortgage Agreement).  On April 22, 2013, Paramount assigned the mortgage to Mortgage Electronic Registration Systems, Inc ("MERS") (Dkt. No. 10; Ex. 6, Corporation Assignment of Real Estate Mortgage).  On September 26, 2011, MERS assigned the mortgage to Bank of America (Dkt. No. 10; Ex. 7, Assignment of Mortgage).

After Schumaker defaulted on the mortgage, Bank of America purchased the Property for $173,716.91 at a sheriff's sale on November 16, 2011 (Dkt. No. 10; Ex. 11, Sheriff's Deed on Mortgage Sale).  On January 9, 2012, Bank of America quit claimed the Property to Fannie Mae (Dkt. No. 10; Ex. 12, Quit Claim Deed).  Schumaker does not dispute that the Property is currently owned by Fannie Mae (Dkt. No. 1, Complaint at ¶25).

Schumaker filed a lawsuit in the 40th Judicial Circuit Court for Lapeer County against Bank of America, Countrywide Home Loans and Paramount (Dkt. No. 10; Ex. 1, Complaint). She sought monetary damages and to quiet title to the Property (*Id.*).  Her claims were dismissed with prejudice on May 21, 2012 (Dkt. No. 10; Ex. 2, Order Granting Defendants' Motion for Summary Disposition).  She appealed on June 11, 2012 (Dkt. No. 10; Ex. 14, Claim of Appeal).

The appeal was dismissed on August 10, 2012 for failure to prosecute (Dkt. No. 10; Ex. 3, Order). On August 13, 2012, a judgment of possession in favor of Fannie Mae was entered by the 71A Judicial District Court of the State of Michigan. On December 6, 2012, the Lapeer County Circuit Court affirmed the judgment of possession and authorized an order of eviction (Dkt. No. 10; Ex. 15, Order Dismissing Appeal). Schumaker was subsequently evicted from the Property.

## III.   STANDARDS OF REVIEW

### A.   Rule 12(b)(1)

"A motion challenging the basis for the Court's subject matter jurisdiction is brought under Fed. R. Civ. P. 12(b)(1)." *Martinez v. Dep't of Homeland Sec.*, 502 F.Supp. 631, 633-634 (E.D. Mich. 2007). To survive a motion under Rule 12(b)(1), Plaintiffs have the burden of proving jurisdiction. *Id.* at 634 (citation omitted). "A Rule 12(b)(1) motion to dismiss will be [granted] only if, taking as true all facts alleged by the plaintiff, the court is without subject matter jurisdiction to hear the claim." *Id.* (citation omitted).

### B.   Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as

3

factual allegations will not suffice." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510
F.3d 631, 634 (6th Cir. 2007).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained
that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more
than labels and conclusions, and a formulaic recitation of the elements of a cause of action will
not do[.]  Factual allegations must be enough to raise a right to relief above the speculative
level[.]"  *Id.* at 555 (internal citation omitted).  Dismissal is appropriate if Plaintiffs failed to
offer sufficient factual allegations that make the asserted claim plausible on its face.  *Id.* at 570.
The Supreme Court clarified the concept of "plausibility" in *Ashcroft v. Iqbal*, 556 U.S. 662
(2009):

> To survive a motion to dismiss, a complaint must contain sufficient factual
> matter, accepted as true, to "state a claim to relief that is plausible on its face."
> [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)]. A claim has
> facial plausibility when the plaintiff pleads factual content that allows the court to
> draw the reasonable inference that the defendant is liable for the misconduct
> alleged.  *Id.* at 556. The plausibility standard is not akin to a "probability
> requirement," but it asks for more than a sheer possibility that a defendant has
> acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent
> with" a defendant's liability, it "stops short of the line between possibility and
> plausibility of 'entitlement to relief.'"  *Id.*, at 557 (brackets omitted).

*Id*. at 678.  Plaintiffs' factual allegations, while "assumed to be true, must do more than create
speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to
relief."  *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing
*Twombly*, 127 S.Ct. at 1965). Thus, "[t]o state a valid claim, a complaint must contain either
direct or inferential allegations respecting all the material elements to sustain recovery under
some viable legal theory."  *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 127 S.Ct. at 1969).

A court may consider a document that is not formally incorporated by reference or

4

attached to the Complaint if the document is referred to in the Complaint and is central to Plaintiffs' claim. *See Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999). The Court's consideration of the documents does not require conversion of the motion to one for summary judgment. *Id.* In an action challenging a mortgage foreclosure or a failure to make required loan disclosures, this consideration may include documents "exchanged between Plaintiff[] and [her] mortgage lender at the time of the transaction at issue." *Marshall-Ford v. Wells Fargo Mortgage*, No. 08-15277, 2009 WL 2849524 at *1 n. 3 (E.D. Mich. Aug. 31, 2009).

Complaints drafted by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers and will be liberally construed in determining whether the complaint fails to state a claim upon which relief could be granted. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, courts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), nor may courts construct Plaintiffs' legal arguments for them. *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Neither may the court "conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), nor create a claim for Plaintiffs, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975), because to hold otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## IV.    ANALYSIS

### A.    *Rooker-Feldman* **Doctrine**

The *Rooker-Feldman* doctrine precludes a federal district court from exercising appellate jurisdiction over state-court judgments.  *Tropf v. Fidelity National Title Ins Co*, 289 F.3d 929, 936 (6th Cir, 2002); *Rooker v. Fidelity Trust Co,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983).  The *Rooker-Feldman* doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 283 (2005).  In order for *Rooker-Feldman* to bar Plaintiffs' claims, the claims must be based on "an injury derived from the state court decision *itself* and not some other independent action." *Roche v. CitiMortgage, Inc.*, No. 12-CV-10266, 2012 WL 4498520 at *4 (E.D. Mich. Sept. 28, 2012) (citations omitted) (emphasis in original).

At oral argument, Bennett stated that his goal is to overturn the foreclosure and eviction. In so far as Plaintiffs seek this relief based on any illegality involving the state-court decision, those claims are barred by the *Rooker-Feldman* doctrine and should be dismissed pursuant to Rule 12(b)(1).[2]

### B.    **Independent Claims**

Plaintiffs also assert claims under the Truth in Lending Act ("TILA"); the Racketeer Influenced and Corrupt Organizations Act ("RICO"); the Hobbs Act; the False Claims Act;

---

[2]Plaintiffs rely on Fed. R. Civ. P. 17, 18, 19, 20, and 60 to support their argument that their Complaint should not be dismissed.  These rules do not apply: Rule 17 requires an action to be prosecuted in the name of the real party in interest, Rule 18 allows a party to join all claims in one action, Rule 19 requires all parties to be joined in one action, Rule 20 discusses which parties may be joined in an action, and Rule 60 allows a court to correct a judgment it entered.

antitrust laws; and pursuant to 42 U.S.C. § 1983 for violations of the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Fourteenth Amendments.  These claims are not barred by the *Rooker-Feldman* doctrine; they are independent claims where the source of injury is not the state-court foreclosure judgment itself.

### 1.   TILA

Plaintiffs allege Defendants violated TILA by failing to include the Habendem Clause and the waiver of rights in the mortgage documents.  Plaintiffs further allege that Defendants failed to disclose the Federal Land-Patent, the right of judicial sale, the right to have the Property revalued, and the rights to rescind and redeem the Property.  Plaintiffs seek to rescind the mortgage on this basis.

TILA provides that "[a]n obligor's right of recession shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first."  *See Marshall-Ford*, 2009 WL 2849524 at *2 (citing 15 U.S.C. § 1635(f)).  Here, TILA's three-year period of repose expired on April 17, 2006, three years after the closing on the mortgage-loan transaction.  Additionally, the Property was sold at foreclosure on November 16, 2011.  Plaintiffs' Complaint was filed on October 29, 2012 – six years beyond the three-year period to repose – and one year after the sale of the Property.  Plaintiffs' TILA claim is time-barred and should be dismissed.

### 2.   RICO

Plaintiffs allege Defendants are subject to the five-year statute of limitations for criminal RICO actions.  *See* 18 U.S.C. § 3282(a):

Except as otherwise expressly provided by law, no person shall be prosecuted,

7

tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

The five-years expired on April 17, 2008. More fundamentally, Plaintiffs lack the authority to prosecute Defendants for a criminal offense, and this claim should be dismissed.

### 3.   Hobbs Act

The Hobbs Act is also a criminal statute. *See* 18 U.S.C. § 1951(a):

Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

Plaintiffs lack the authority to prosecute Defendants for a criminal offense, and this claim should be dismissed.

### 4.   False Claims Act

Plaintiffs' claim under the False Claims Act is also misplaced. The False Claims Act, 31 U.S.C. §3729, provides for restitution to the United States government of money taken from it by fraud.

This case does not involve the United States government or any allegations that any Defendants knowingly submitted false or fraudulent claims to the United States government. Plaintiffs' False Claims Act should be dismissed pursuant to Rule 12(b)(6).

### 5.   Antitrust Claim

The purpose of antitrust laws is to prevent adverse effects on competition. *See Calabrese v. St. Mary's of Michigan*, No. 06-13908-BC, 2007 WL 518912 at **1-2 (E.D. Mich. Feb. 15, 2007). This case does not involve any allegations that Defendants engaged in anti-competitive

8

conduct, and Plaintiffs' antitrust claim should be dismissed pursuant to Rule 12(b)(6).

### 6.   Constitutional Claims

In order to establish a claim under 42 U.S.C. § 1983, Plaintiffs must set forth facts that clearly establish: "(1) the deprivation of a right secured by the Constitution or laws of the United States (2) [that has been] caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). There are limited circumstances where a private party can be sued under § 1983, but none are applicable to Plaintiffs' allegations. For instance, "[a] private party's actions constitute state action . . . where those actions may be 'fairly attributable to the state.'" *Chapman v. Higbee*, 319 F.3d 825, 833 (6th Cir. 2003) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 947 (1982)). The Sixth Circuit has recognized three tests to determine whether a private party may be considered a state actor: (1) the public function test; (2) the state compulsion test; and (3) the nexus test. *Id.* Plaintiffs only allege facts in support of the nexus test.

Under the nexus test, "the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." *S.H.A.R.K. v. Metro Parks Serving Summit Co.*, 499 F.3d 553, 565 (6th Cir. 2007). In order to meet this burden, Plaintiffs must "demonstrate[] that the state is intimately involved in the challenged private conduct." *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992).

Plaintiffs allege that Defendants satisfy the nexus text because they: (1) are organized and exist under the laws of the United States; (2) are involved in interstate commerce; and (3) conduct business in Michigan. These allegations fall woefully short of showing the government

9

was so intimately involved that it is responsible for Defendants' actions.  *See Esco Group, Inc. v. Mercantile Bank of Michigan*, 2012 WL 76965 at **2-3 (W.D. Mich. Jan. 10, 2012) (the fact that a business is subject to extensive and detailed regulation does not render its actions governmental).  Plaintiff's constitutional claims should be dismissed pursuant to Rule 12(b)(6).

## V.    CONCLUSION

Because the Court lacks subject-matter jurisdiction based on the *Rooker-Feldman* doctrine and Plaintiffs' independent federal claims fail, this Magistrate Judge **RECOMMENDS** that Defendants' motion be **GRANTED** and Plaintiffs' Complaint be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court.  The response shall address

each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon                
Mark A. Randon
United States Magistrate Judge

Dated:  April 18, 2013

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, April 18, 2013, by electronic and/or ordinary mail.*

*s/Eddrey Butts              *
*Acting Case Manager for Magistrate Judge Randon*